IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED
06 JAN 12 PM 1:01
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION, LOCAL
15, AFL-CIO,

    Plaintiff,

v.

LAW FABRICATION, LLC,

    Defendant.
_____/

Case No.:

8:06-CV-00076-T-24TBM

**COMPLAINT AND PETITION TO ENFORCE
AN ARBITRATION AWARD**

Plaintiff Sheet Metal Workers' International Association Local 15, AFL-CIO ("the Union") hereby alleges for its Complaint against Defendant Law Fabrication, LLC as follows:

1.    This is a claim to confirm and enforce an arbitration award rendered on September 15, 2005. The arbitration proceeded pursuant to a collective bargaining agreement between the Union and the Defendant. The Defendant has refused to comply with the award in breach of its contractual promise to the Union.

2.    The Union is a labor organization representing employees in industries affecting commerce within the meaning of Section 2(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5). The Union maintains its headquarters in this District in Tampa, Florida.

3.    Defendant Law Fabrication LLC ("the Company") is an employer within the meaning of Section 2(2) of the LMRA, 29 U.S.C. § 152(2). The Company is organized as a



limited liability company under Florida law.

4. This Court has jurisdiction of this matter pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5. Venue lies within this judicial district pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

6. The Union and the Company were parties to a bargaining agreement with general effective dates from May 1, 2001 through June 30, 2004. The agreement was in two parts: the "Standard Form of Union Agreement" and the "Collective Bargaining Agreement."

7. A true and correct copy of the signed Standard Form of Union Agreement is attached as Exhibit A.

8. A true and correct copy of the signed Collective Bargaining Agreement is attached as Exhibit B.

9. The Standard Form of Union Agreement, at Article X Section 8, contains an interest-arbitration procedure to resolve "any controversy or dispute arising out of failure of the parties to negotiate a renewal of this agreement . . ." The final step of this procedure entails having the dispute resolved by a third-party arbitrator, the National Joint Adjustment Board (NJAB).

10. The parties were engaged in negotiations for a new agreement prior to and after the passing of the June 30, 2004 date. These negotiations ultimately were unsuccessful, with the Company declaring an impasse.

11. Pursuant to Article X Section 8 of the parties' Agreement, the Union sought to have the dispute resolved by the NJAB.

12. The Company filed a lawsuit in this Court in March 2005 seeking a declaration that the Agreement, and all the Company's obligations thereunder, had terminated in June 2004.

13. Meanwhile, the NJAB held a hearing on the matter in September 2005. The Company did not appear at this hearing, despite being notified of the hearing and having an opportunity to attend and participate.

14. The NJAB issued its unanimous Decision on September 15, 2005. A true and correct copy of the Decision is attached as Exhibit C.

15. The Decision requires the parties, *inter alia*, to "execute a collective bargaining agreement with effective dates of July 1, 2004 through June 30, 2010," with certain prescribed terms.

16. On or about October 6, 2005, this Court entered an Order dismissing the Company's lawsuit. The Court held that "the CBA between Law Fabrication and Local 15 provided for interest arbitration" and that "[h]aving entered into the CBA, Law Fabrication could not unilaterally withdraw from its responsibilities to engage in the interest arbitration."

17. Notwithstanding this Court's Order and additional time the Union has spent attempting to secure the Company's compliance, the Company has yet failed and refused to comply with any of its obligations under the NJAB's Decision.

18. The Company's refusal to abide by the Decision is in breach of its contract.

19. The Union and the employees that it represents are without any adequate remedy at law and will suffer irreparable injury because the Company is refusing to comply with the NJAB's Decision.

## Request for Relief

WHEREFORE, the Union prays that this Court:

a. Enter a judgment confirming and enforcing the NJAB's arbitration award;

b. Award the Union its costs and reasonable attorneys' fees expended to secure the Company's compliance with the NJAB's award pursuant to Article X, section 6 of that Agreement, and all other applicable sources of law or contract;

c. Award to the Union any and all other relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 11, 2006

/s/ Joseph Egan, Jr.
Joseph Egan, Jr.
Florida Bar No. 180102
EGAN, LEV & SIWICA, P.A.
Post Office Box 2231
Orlando, Florida 32802
Telephone: (407) 422-1400
Facsimile: (407) 422-3658
Email: jegan@eganlev.com