**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SHEET METAL WORKERS'**
**INTERNATIONAL ASSOCIATION**
**LOCAL 15, AFL-CIO,**

    **Plaintiff,**

**v.**                                                      **Case No.  8:06-cv-76-T-30TBM**

**LAW FABRICATION, LLC,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Law Fabrication, LLC's Motion to Dismiss or Alternatively to Stay and Supporting Memorandum of Law (Dkt. #11-1), and Plaintiff's Memorandum of Law In Opposition to Law Fabrication's Motion to Dismiss or Alternatively to Stay (Dkt. #12).  The Court, having considered the motion, response, memoranda, and being otherwise advised in the premises, finds that Defendant's motion should be denied.

### **Background**

Law Fabrication, LLC ("Law Fabrication") is a sheet metal fabrication company located in St. Petersburg, Florida.  On May 1, 2001, Law Fabrication entered into a collective bargaining agreement ("CBA") with Local Union # 15 of the Sheet Metal Workers'

International Association, AFL-CIO ("Local 15"). The relevant portions of the CBA state as follows:

**Collective Bargaining Agreement Between Sheet Metal Workers' International Association, Local Union # 15 and LAW Fabrication, Inc.**

**Effective Date & Duration**

**Section 1**. This Agreement and Addendum attached hereto shall become effective on the first day of May 2001, and remain in full force and effect until the last day of June 30, 2004 and shall continue in force from year to year thereafter unless written notice of termination is given not less than ninety (90) days prior to the expiration date. In the event such notice of termination is served, this Agreement shall continue in force and effect until an impasse in negotiations is reached.

\* \* \*

The 1991 standard form of union agreement and all addenda in place at the commencement of this agreement shall be part of this agreement provided they do not conflict with any of the provisions of this agreement.

**STANDARD FORM OF UNION AGREEMENT**

**ARTICLE 10**

**SECTION 8**. In addition to the settlement of grievances arising out of interpretation or enforcement of this Agreement as set forth in the preceding sections of this Article, any controversy or dispute arising out of the failure of the parties to negotiate a renewal of this Agreement shall be settled as hereinafter provided:

(a). Should the negotiations for a renewal of this Agreement of negotiations regarding a wage/fringe reopener become deadlocked in the opinion of the Union representative(s) or of the Employer('s) representative(s), or both, notice to that effect shall be given to the National Joint Adjustment Board.

\* \* \*

> The dispute shall be submitted to the National Joint Adjustment Board pursuant to the rules as established and modified from time to time by the National Joint Adjustment Board. The unanimous decision of said Board shall be final and binding upon the parties, reduced to writing, signed and mailed to the parties as soon as possible after the decision has been reached. There shall be no cessation of work by strike or lockout unless and until said Board fails to reach a unanimous decision and the parties have received written notification of its failure.
>
> * * *
>
> (d). Unless a different date is agreed upon mutually between the parties or is directed by unanimous decision of the National Joint Adjustment Board, all effective dates in the new agreement shall be retroactive to the date following the expiration date of the expiring agreement.

The parties attempted to negotiate terms of a new collective bargaining agreement prior to and after the June 30, 2004, expiration date. As part of the negotiations, the parties agreed that any new agreement would eliminate the provisions of Article 10, Section 8, of the original CBA. However, the negotiations were ultimately unsuccessful and Law Fabrication declared an impasse in the negotiations on September 8, 2004. In response, Local 15 notified Law Fabrication that it was submitting the dispute to the National Joint Adjustment Board ("NJAB") in accordance with the procedures of Article 10, Section 8.

On March 31, 2005, Law Fabrication filed a Complaint For Declaratory Judgment and Injunctive Relief seeking a declaratory judgment regarding the termination of the CBA.[1] On June 6, 2005, Local 15 initiated an arbitration action before the NJAB.

---

[1] See Case No. 8:05-cv-638-JSM-EAJ.

On June 21, 2005, Law Fabrication filed an emergency motion for restraining order asking the Court to enjoin the NJAB's hearing scheduled for June 27, 2005. The Court granted Law Fabrication's motion on June 22, 2005. On June 27, 2005, Local 15 filed a motion to quash the temporary restraining order. The Court granted Local 15's motion on June 29, 2005, and vacated the temporary restraining order.

On September 15, 2005, the NJAB conducted a hearing and issued its decision in the matter. Although it received notice of the hearing and was afforded the opportunity to appear and testify in the matter, Law Fabrication did not appear before the NJAB. The NJAB's unanimous decision created a new collective bargaining agreement with the effective dates of July 1, 2004 through June 30, 2010.

On October 6, 2005, this Court entered an Order dismissing Law Fabrication's declaratory judgment action in Case No. 05-cv-638-JSM-EAJ regarding the termination of the CBA based on this Court's finding that it lacked subject matter jurisdiction over Law Fabrication's claims under Section 301.[2] As of October 2005, Law Fabrication had not alleged that there had been a violation of the CBA, rather Law Fabrication was simply requesting the Court to rule on the validity of the CBA.[3]

On December 13, 2005, Law Fabrication filed a state-court action seeking to vacate the arbitration award in case styled *Law Fabrication LLC v. Local 15 of the Sheet Metal*

---

[2] See Case No. 8:05-cv-638-JSM-EAJ, Dkt. #51.

[3] The Court also found that it lacked subject matter jurisdiction over Law Fabrication's claim pursuant to 29 U.S.C. §§ 1132(a) and (e).

*Workers' International Association*, Case No. 05-11023, Div. A, Thirteenth Judicial Circuit Court, Hillsborough County ("State Court Proceedings"). Local 15 was served on March 22, 2006. On April 4, 2006, Local 15 removed the state-court action to this Court, Case No. 8:06-cv-565-JSM-TGW.

On January 12, 2006, Local 15 filed this action to enforce the NJAB arbitration award against Law Fabrication. Local 15's complaint alleges that Law Fabrication has refused to comply with the award in breach of its contract. Local 15 seeks equitable relief in the form of a coercive order enforcing the NJAB's arbitration award.

Law Fabrication now moves to dismiss or stay this lawsuit under the absention doctrine of *Colorado River Water Conservation District v. Unites States*, 424 U.S. 800, 814 (1976). Law Fabrication argues that this Court should abstain from proceeding in this action in favor of the State Court Proceedings.

Notably, Law Fabrication's motion to dismiss was filed on March 23, 2006, prior to Local 15's removal of the state-court proceedings on April 4, 2006.

**Motion to Dismiss Standard**

In apprising the sufficiency of a complaint on a motion to dismiss, the accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *South Florida Water Mgt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996). The Court must view the complaint in the light most favorable to the plaintiff and construe the allegations in the complaint as true.

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim.  *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law.  *Marshall County Bd. Of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993); *Hunt v. American Bank & Trust Co. of Baton Rouge, La.*, 783 F.2d 1011, 1013 (11th Cir. 1986).  Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. . . . However, the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." *Quality Foods de Centro America, S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 995 (11th Cir. 1983) (citations omitted).

### Discussion

This Court has jurisdiction under Section 301 of the Labor Management Relations Act to entertain suits for the enforcement of arbitration awards under a collective bargaining agreement, or that a substantive right exists on the part of a party of a collective bargaining agreement to enforce the arbitration award.  29 U.S.C. §185.  A suit to vacate or enforce an arbitration award entered pursuant to a collective-bargaining agreement arises under §301 of the Labor Management Relations Act (LMRA).  *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960); *Bakery, Confectionery and Tobacco Workers Local 362-T v. Brown and Williamson Tobacco Corp.*, 971 F.2d 652, 654 (11th Cir. 1992).  Accordingly,

Plaintiff's Complaint and Petition to Enforce An Arbitration Award (Dkt. #1) is properly brought in this Court.

Additionally, the preemptive force of Section 301 permits removal of a state-court lawsuit that arises under Section 301. *Avco Corp v. Aero Lodge No. 735*, 390 U.S. 557 (1968). Federal courts have removal jurisdiction over state-court lawsuits to enforce or vacate an arbitration award entered pursuant to a collective bargaining agreement. *Brown v. Witco Corp.*, 340 F.3d 209, 213 n.5 (5th Cir. 2004). Accordingly, this Court possesses removal jurisdiction over the State Court Proceedings. Further, now that the State Court Proceedings have been removed to this Court, there is no basis for abstention.

It is therefore ORDERED AND ADJUDGED that:

1. Law Fabrication, LLC's Motion to Dismiss or Alternatively to Stay and Supporting Memorandum of Law (Dkt. #11-1) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on May 30, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-76.mtd.wpd