## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**SHEET METAL WORKERS'**
**INTERNATIONAL ASSOCIATION,**
**LOCAL 15, AFL-CIO,**

      **Plaintiff,**

**v.**                                      **Case No.  8:06-cv-76-T-30TBM**

**LAW FABRICATION, LLC,**

      **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Enforce An Arbitration Award (Dkt. #18), Plaintiff's Memorandum in Support of Motion to Enforce An Arbitration Award (Dkt. #19), Defendant's Objection to Plaintiff's Motion to Enforce An Arbitration Award With Incorporated Memorandum of Law (Dkt. #20), Plaintiff's Reply Memorandum In Support of Motion To Enforce An Arbitration Award (Dkt. #23), and Defendant's Response In Opposition to Plaintiff's Reply In Support of Motion to Enforce An Arbitration Award With Incorporated Memorandum of Law (Dkt. #26).  The Court, having considered the arguments of the parties, memoranda, affidavits, exhibits, and being otherwise advised in the premises, concludes that Plaintiff's motion should be granted.

**Background**

Law Fabrication, LLC ("Law Fabrication") is a sheet metal fabrication company located in St. Petersburg, Florida.  On May 1, 2001, Law Fabrication entered into a collective bargaining agreement ("CBA") with Local Union #15 of the Sheet Metal Workers' International Association, AFL-CIO ("Local 15").  The relevant portions of the CBA state as follows:

**Collective Bargaining Agreement Between Sheet Metal Workers' International Association, Local Union # 15 and LAW Fabrication, Inc.**

**Effective Date & Duration**

**Section 1**.  This Agreement and Addendum attached hereto shall become effective on the first day of May 2001, and remain in full force and effect until the last day of June 30, 2004 and shall continue in force from year to year thereafter unless written notice of termination is given not less than ninety (90) days prior to the expiration date.  In the event such notice of termination is served, this Agreement shall continue in force and effect until an impasse in negotiations is reached.

\* \* \*

The 1991 standard form of union agreement and all addenda in place at the commencement of this agreement shall be part of this agreement provided they do not conflict with any of the provisions of this agreement.

**STANDARD FORM OF UNION AGREEMENT**

**ARTICLE 10**

**SECTION 8**.  In addition to the settlement of grievances arising out of interpretation or enforcement of this Agreement as set forth in the preceding sections of this Article, any controversy or dispute arising out of the failure of the parties to negotiate a renewal of this Agreement shall be settled as hereinafter provided:

(a).   Should the negotiations for a renewal of this Agreement of negotiations regarding a wage/fringe reopener become deadlocked in the opinion of the Union representative(s) or of the Employer('s) representative(s), or both, notice to that effect shall be given to the National Joint Adjustment Board.

\* \* \*

The dispute shall be submitted to the National Joint Adjustment Board pursuant to the rules as established and modified from time to time by the National Joint Adjustment Board. The unanimous decision of said Board shall be final and binding upon the parties, reduced to writing, signed and mailed to the parties as soon as possible after the decision has been reached. There shall be no cessation of work by strike or lockout unless and until said Board fails to reach a unanimous decision and the parties have received written notification of its failure.

\* \* \*

(d).   Unless a different date is agreed upon mutually between the parties or is directed by unanimous decision of the National Joint Adjustment Board, all effective dates in the new agreement shall be retroactive to the date following the expiration date of the expiring agreement.

The parties attempted to negotiate terms of a new collective bargaining agreement prior to and after the June 30, 2004, expiration date.  However, the negotiations were ultimately unsuccessful and Law Fabrication declared an impasse in the negotiations on September 8, 2004.  In response, Local 15 notified Law Fabrication that it was submitting the dispute to the National Joint Adjustment Board ("NJAB") in accordance with the procedures of Article 10, Section 8.

On March 31, 2005, Law Fabrication filed a Complaint For Declaratory Judgment and Injunctive Relief seeking a declaratory judgment regarding the termination of the CBA.[1]  On June 6, 2005, Local 15 initiated an arbitration action before the NJAB.

On June 21, 2005, Law Fabrication filed an emergency motion for restraining order asking the Court to enjoin the NJAB's hearing scheduled for June 27, 2005.  The Court granted Law Fabrication's motion on June 22, 2005.  On June 27, 2005, Local 15 filed a motion to quash the temporary restraining order.  The Court granted Local 15's motion on June 29, 2005, and vacated the temporary restraining order.

On September 15, 2005, the NJAB conducted a hearing and issued its decision in the matter.  Although it received notice of the hearing and was afforded the opportunity to appear and testify in the matter, Law Fabrication did not appear before the NJAB. The NJAB's unanimous decision created a new collective bargaining agreement with the effective dates of July 1, 2004 through June 30, 2010.

On October 6, 2005, this Court entered an Order dismissing Law Fabrication's declaratory judgment action in Case No. 05-cv-638-JSM-EAJ based on this Court's finding that it lacked subject matter jurisdiction at that time over Law Fabrication's claims under Section 301.[2]  As of October 2005, Law Fabrication had not alleged that there had been a

---

[1] See Case No. 8:05-cv-638-JSM-EAJ.

[2] See Case No. 8:05-cv-638-JSM-EAJ, Dkt. #51.

violation of the CBA, rather Law Fabrication was simply requesting the Court to rule on the validity of the CBA.[3]

On December 13, 2005, Law Fabrication filed a state-court action seeking to vacate the arbitration award in case styled *Law Fabrication LLC v. Local 15 of the Sheet Metal Workers' International Association*, Case No. 05-11023, Div. A, Thirteenth Judicial Circuit Court, Hillsborough County (the "State Court Proceedings"). Local 15 was served on March 22, 2006. On April 4, 2006, Local 15 removed the State Court Proceedings to this Court, Case No. 8:06-cv-565-JSM-TGW.

On January 12, 2006, Local 15 filed this action to enforce the NJAB arbitration award against Law Fabrication. Local 15's complaint alleges that Law Fabrication has refused to comply with the award in breach of its contract. Local 15 now seeks equitable relief in the form of a coercive order enforcing the NJAB's arbitration award.

Law Fabrication argues that this Court should vacate the NJAB's arbitration award based on the following arguments: Local 15's demand for arbitration is barred by the statute of limitations; this Court lacks jurisdiction to determine the validity of the CBA; the NJAB exceeded its authority and manifestly disregarded the law by determining the question of arbitrability; and the NJAB arbitrators exceeded their authority in arbitrating a dispute not authorized by the agreement and requiring the purported new contract.

---

[3] The Court also found that it lacked subject matter jurisdiction over Law Fabrication's claim pursuant to 29 U.S.C. §§ 1132(a) and (e).

## Motion for Summary Judgment Standard

A summary judgment is appropriate only if this court finds that there exists no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.   Fed.R.Civ. P. 56(c).   A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleading, depositions, answers to interrogatories, admissions on file, and any affidavits which it believes demonstrate the absence of a genuine issue of material fact.   Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).   Once the moving party has met this burden, the nonmoving party "must produce evidence that shows there exists a genuine issue of material fact."   Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988).   Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, or by the depositions, answers to interrogatories, and admissions on file designate specific facts showing there exists a genuine issue for trial.   Celotex, 477 U.S. at 324.   The court may consider the offered "pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any..." in deciding whether to grant or deny a summary judgment motion.   Fed.R.Civ.P. 56(c).   If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to the party's case, then an entry of summary judgment is appropriate.   Celotex, 477 U.S. at 322-23.

## Scope of Review

Judicial review of commercial arbitration awards is narrowly limited under the Federal Arbitration Act.   See 9 U.S.C. §10-11.   The FAA presumes the confirmation of arbitration

awards.  See Davis v. Prudential Sec., Inc., 59 F.3d 1186, 1190 (11th Cir. 1995); Lifecare

Int'l, Inc v. CD Med., Inc., 68 F.3d 429, 433 (11th Cir. 1995).  Federal courts should defer

to the arbitrator's decision whenever possible.  Robbins v. Day, 954 F.2d 679, 682 (11th Cir.

1992). Pursuant to 9 U.S.C. §10, in reviewing an arbitration decision, the court is limited to

four narrow questions: Whether (1) the decision is the result of fraud; (2) there is evidence

of bias on the part of the arbitrators; (3) the arbitrator was guilty of misconduct; and (4) the

arbitrator exceeded his powers.  See B.L. Harbert Intern., LLC v. Hercules Steel Co., 441

F.3d 905, 910 (11th Cir. 2006); see also J.A. Jones Construction Company v. Flakt, Inc., 731

F.Supp. 1061, 1063 (N.D. Ga. 1990).  Courts are careful not to exceed this limited scope of

review in order to preserve the efficiency and reliability of arbitration proceedings.  B.L.

Harbert at 910.

    In addition to these four statutory grounds for vacatur, the Eleventh Circuit has also

recognize three non-statutory grounds.  An award may be vacated if it is arbitrary and

capricious,[4] if the enforcement of the award is contrary to public policy,[5] or if the award was

made in manifest disregard for the law.[6]

**Discussion**

    This is the second time this Court has considered the implications of the interest

arbitration clause incorporated within the CBA between Local 15 and Law Fabrication.  This

---

[4] Ainsworth v. Skurnick, 960 F.2d 939, 941 (11th Cir. 1992).

[5] Delta Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l, 861 F.2d 665, 671 (11th Cir. 1988).

[6] Montes v. Shearson Lehman Bros., Inc., 128 F.3d 1456, 1461 (11th Cir. 1997).

Court has already considered similar arguments by Law Fabrication in Case No. 8:05-cv-638-JSM-EAJ.  Nevertheless, this Court will once again consider the arguments of Law Fabrication and discuss its conclusions.

I.     **Law Fabrication argues that Local 15's demand for arbitration is barred by the statute of limitations.**

It is undisputed that Law Fabrication declared an impasse in the negotiations between the parties on September 8, 2004.  In response, on September 21, 2004, Local 15 notified Law Fabrication that it would be requesting the services of the NJAB pursuant to Article 10, Section 8 of the Standard Form of Union Agreement.  Local 15 also invited Law Fabrication to file a joint submission to the NJAB to aid in the construction of a successor agreement. In written correspondence dated October 6, 2004, Law Fabrication responded by stating that the NJAB did not have jurisdiction over the dispute and that Law Fabrication would not participate in any such proceedings.  Further, Law Fabrication stated that it would "operate under the assumption that the Union continues to assert applicability of Article 10, Section 8, and that you [Local 15] intend to pursue a NJAB decision unilaterally."[7]

Subsequently, on August 3, 2005, Law Fabrication submitted copies of pleadings filed in Case No. 8:05-cv-638-JSM-EAJ to the NJAB arguing that the NJAB was without jurisdiction to go forward with the proposed subject matter arbitration; and, further asserted, that any efforts to do so by Local 15 should be barred due to its failure to timely seek subject

---

[7] See Dkt# 19-3, Page 14.

matter arbitration and its failure to comply with the statute of limitations.[8]  On August 10, 2005, the NJAB responded to Law Fabrication's correspondence and notified Law Fabrication that its arguments would be addressed by the NJAB at the September 15-16, 2005 arbitration meeting.[9]  As noted above, Law Fabrication deliberately chose not to attend the September 2005 arbitration hearing.

In Defendant's Objection to Plaintiff's Motion to Enforce Arbitration Award, Law Fabrication acknowledges that neither the CBA nor Section 301 of the LMRA contains a time limitation in relation to interest arbitration proceedings.  Nevertheless, Law Fabrication argues in length that the six (6) month statute of limitations period in Section 10(b) of the National Labor Relations Act relating to unfair labor practice charges should be applied to this matter.  Based on this premise, Law Fabrication argues that the arbitration award at issue is invalid and should be vacated, since Local 15's demand for arbitration was untimely under the proffered six-month limitations period.  The Court disagrees with Law Fabrication's position.

The issue of the timeliness of Local 15's submission to the NJAB is a question for the arbitrator and not the Court.  See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 85 (2002);  Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1109 (11th Cir. 2004).  It is apparent that Law Fabrication already submitted this argument to the NJAB, that the

_____

[8] See Dkt. #20-9.

[9] See Dkt. #20-10.

argument was considered at the September 2005 arbitration hearing, and ultimately rejected by the NJAB.  Accordingly, Law Fabrication is barred from bringing this argument again.

Furthermore, under similar procedural circumstances relating to an action by a union to compel an employer to submit to arbitration, the Eleventh Circuit specifically adopted Florida's one-year limitations period governing judicial suits to compel arbitration pursuant to Fla. Stat. 95.11(5)(a), in lieu of borrowing the six-month statute of limitations from §10 of the National Labor Relations Act (NLRA).  See International Union, United Plant Guard Workers of America v. Johnson Controls World Services, Inc., 100 F.3d 903, 906 (11th Cir. 1996); see also United Paperworks International, Local No. 395 v. ITT Rayonier, Inc., 931 F.2d 832 (11th Cir. 1991) (concluding that the district court for the Middle District of Florida must apply the most analogous present law of Florida, which is the one-year statute for specific performance of a contract).

Local 15 filed its NJAB submission on June 6, 2005 (nine months after the September 8, 2004 impasse and within a year of the June 30, 2004 expiration of the CBA).  Thus, pursuant to Florida's one-year statute of limitations period governing judicial suits to compel arbitration, which the Eleventh Circuit specifically adopted in lieu of the NLRA's six-month statute of limitations, Local 15's submission to the NJAB was timely.

**II.     Law Fabrication argues that this Court lacks jurisdiction to determine the validity of the CBA.**

Law Fabrication argues that Local 15 does not merely seek to enforce an arbitration award, but also, Local 15 seeks a determination as to the validity and existence of two collective bargaining agreements.

Plaintiff's Complaint and Petition to Enforce An Arbitration Award simply requests this Court to enter a judgment confirming and enforcing the NJAB's arbitration award, and for an award of attorney's fees and costs expended by Local 15 to secure Law Fabrication's compliance with the NJAB's award.  Such request does not require this Court to determine the validity and existence of two collective bargaining agreements.  The NJAB has already performed such function.

Furthermore, this Court has jurisdiction under Section 301 of the Labor Management Relations Act to entertain suits for the enforcement of arbitration awards under a collective bargaining agreement.  29 U.S.C. §185.  See  Communications Workers of America, AFL-CIO v. Western Elec. Co., Inc., 397 F.Supp 1318 (N.D. Ga. 1975), citing International Association of Machinists and Aerospace Workers, District No. 145 v. Modern Air Transport, Inc., 495 F.2d 1241 (5th Cir. 1974).

Accordingly, Law Fabrication's argument that this Court does not have jurisdiction to enforce the arbitration award at issue is without merit.

**III.    Law Fabrication argues that the NJAB exceeded its authority and manifestly disregarded the law by determining the question of arbitrability.**

Law Fabrication argues that the NJAB arbitrators understood the law, but purposefully disregarded it.  In support of such argument, Law Fabrication argues, "The NJAB obviously decided that the issues presented before them were subject to arbitration since they entered a decision."[10]

Law Fabrications's challenge to the arbitrator's award rests solely on its contention that the arbitrator acted in manifest disregard of the law.  This ground for vacating an arbitration award requires clear evidence that the arbitrator was "conscious of the law and deliberately ignore[d] it." B.L. Harbert, 441 F.3d 905, 910, citing Montes, 128 F.3d at 1461. A showing that the arbitrator merely misinterpreted, misstated, or misapplied the law is insufficient. Id. at 1461-62.

The Court has already determined that Law Fabrication's statute of limitations and jurisdictional arguments are without merit.  Law Fabrication does not offer evidence that the NJAB arbitrator was "conscious of the law and deliberately ignored it," as required in order to challenge an arbitration award.  This case involves a typical contractual dispute in which the parties disagree about the meaning of terms of their agreement.  Pursuant to the terms of Article 10, Section 8, the contractual interpretation issues were properly brought before the NJAB.  Even if this Court were convinced, which it is not, that this Court would have

---

[10] See Dkt. #20-1, Page 17.

decided this contractual dispute differently, that would not be enough to set aside the NJAB's award.  See B.L. Harbert, 441 F.3d 905, 911.

In short, Law Fabrication's argument is that the arbitrator made a legal mistake.  It is not enough to show that the arbitrator made a mistake.  Under the law, Law Fabrication must show that the arbitrator actually recognized a clear rule of law and deliberately chose to ignore it.  Not only has Law Fabrication failed to show evidence establishing that the arbitrator actually recognized a clear rule of law and deliberately chose to ignore it, Law Fabrication has failed to show that the arbitrator made a legal mistake.

**IV.   Law Fabrication argues that the NJAB arbitrators exceeded their authority in arbitrating a dispute not authorized by the agreement and requiring the purported new contract.**

Law Fabrication again argues that the language of the "Effective Date & Duration" clause of the CBA conflicts with the arbitration provision of Article 10, Section 8 of the Standard Form of Union Agreement.  Based on such asserted conflict, Law Fabrication argues that Article 10, Section 8 cannot apply to the CBA under the doctrine of *contra proferentum*, and therefore, the NJAB is without authority to impose a new CBA upon the parties.  The Court disagrees with Law Fabrication's position.

It is apparent to this Court that Article 10, Section 8 was an incorporated addendum to the CBA.  The language contained in the "Effective Date & Duration" portion of the CBA providing for termination upon an impasse in the negotiations does not conflict with the interest arbitration provision contained in Article 10, Section 8.  The interest arbitration

provisions contained in Article 10, Section 8 of the Standard Form of Union Agreement are

unambiguous.  Section 8 states, in pertinent part:

> The dispute shall be submitted to the National Joint Adjustment Board
> pursuant to the rules as established and modified from time to time by the
> National Joint Adjustment Board.  The unanimous decision of said Board shall
> be final and binding upon the parties, reduced to writing, signed and mailed to
> the parties as soon as possible after the decision has been reached.

It is clear that the CBA between Law Fabrication and Local 15 provided for interest

arbitration.  Generally, interest arbitration clauses are enforceable.  See Sheet Metal Workers

Intern. Ass'n, Local No. 57 v. Tampa Sheet Metal Co., Inc., No. 83-1198-Civ-T-15, 1986

WL 415 (M.D. Fla. March 20, 1986).    On September 8, 2004, Law Fabrication's

notification of an impasse in negotiations effectively terminated the original CBA.

Nevertheless, the parties' obligation under the contract to engage in interest arbitration

regarding a new CBA survived the termination of the original CBA.[11]  Having entered into

the original CBA, Law Fabrication could not unilaterally withdraw from its responsibilities

to engage in interest arbitration.  Sheet Metal Workers Local 57 Welfare Fund v. Tampa

Sheet Metal Co., Inc., 786 F.2d 1459, 1461 (11th Cir. 1986).

Further, this Court is unpersuaded by Law Fabrication's argument that since the CBA

was ambiguous, the principle of *contra proferentum* requires that such ambiguities be

construed against the drafter of the document.  As discussed above, the Court finds that the

language contained in the "Effective Date & Duration" portion of the CBA providing for

---

[11] See Nolde Brothers, Inc. V. Local No. 358, Bakery & confectionery Workers, 430 U.S.
243 (1977); see also Sheet Metal Workers International Association Local Union No. 420 v.
Huggins Sheet Metal, Inc., 752 F.2d 1473 (9th Cir. 1985).

termination upon an impasse in the negotiations does not conflict with the interest arbitration provision contained in Article 10, Section 8.  The terms of the CBA and addendum do not appear to be ambiguous or unconscionable.  Interest arbitration provisions are common in collective bargaining agreements between unions and employers.  See Local Union No. 666, International Brotherhood of Electrical Workers, AFL-CIO v. Stokes Electrical Service, Inc., 225 F.3d 415, 422-23 (4th Cir. 2000).   Additionally, "[p]arties to collective bargaining agreements are conclusively presumed to have equal bargaining power, and union agents have no duty to explain to employers the terms, conditions, or consequences of a collective bargaining agreement." Employee Painters' Trust v. J & B Finishes, 77 F.3d 1188, 1192 (9th Cir. 1996).

### Conclusion

As discussed above, the Court concludes that Law Fabrication has failed to show evidence that a genuine issue of material fact exists as to whether the NJAB's arbitration award should be enforced.  Further, Law Fabrication has failed to offer evidence establishing that the NJAB arbitrators exceeded their authority or manifestly disregarded the law by determining the question of arbitrability and/or by arbitrating a dispute not authorized by the agreement and requiring a new contract.   Accordingly, Law Fabrication has failed to establish grounds for vacatur.

For these reasons, the Court finds that the arbitration award issued by the NJAB on September 15, 2005 should be enforced against Law Fabrication.

## ATTORNEY'S FEES AND COSTS

Local 15 also seeks an award of attorney's fees and costs pursuant to the contractual attorney fee provision contained in Article 10, Section 6 of the Standard Form of Union Agreement, which states:

> In the event of noncompliance within thirty (30) calendar days following the mailing of a decision of a Local Joint Executive Board, Panel or the National Joint Adjustment Board, a local party may enforce the award by any means including proceedings in a court of competent jurisdiction in accord with applicable state and federal law.  If the party seeking to enforce the award prevails in litigation, such party shall be entitled to its costs and attorney's fees in addition to such other relief as is directed by the courts.

In opposition, Law Fabrication argues that Article 10, Section 6 of the Standard Form of Union Agreement is not a general fee shifting provision and it applies only to "regular contractual grievances discussed in Article 10, Section 1, which contains a 30 day time limitation which the Union never met."   The Court disagrees with Law Fabrication's position.

The Court finds that the second sentence of Section 6 specifically entitles the prevailing party to its costs and attorney's fees incurred in an action to enforce an arbitration award issued by the National Joint Adjustment Board.  It is undisputed that the NJAB issued an award in favor of Local 15.  It is undisputed that Local 15 brought this action to enforce the NJAB award.  Local 15's motion to enforce the arbitration award at issue is being granted by this Court.  Accordingly, Local 15 is the prevailing party in this action.  For these reasons, this Court finds that Local 15 is entitled to recover its reasonable attorney's fees and costs

incurred in this litigation pursuant to Article 10, Section 6 of the Standard Form of Union Agreement.

It is therefore ORDERED AND ADJUDGED that:

1.     Plaintiff's Motion to Enforce An Arbitration Award (Dkt. #18) is GRANTED.

2.     Law Fabrication is ordered to comply with the terms of the arbitration award issued by the NJAB on September 15, 2005.

3.     The Clerk is directed to enter JUDGMENT in favor of Plaintiff, Sheet Metal Workers' International Association, Local 15, AFL-CIO, and against Defendant, Law Fabrication, LLC.

4.     The Court retains jurisdiction to consider the amount of reasonable attorney's fees and costs that should be awarded to Plaintiff pursuant to Article 10, Section 6 of the Standard Form of Union Agreement.  Plaintiff shall file affidavits, time sheets and invoices substantiating its reasonable attorney's fees and costs incurred in the litigation of this matter within twenty (20) days of the date of this Order.

5.     The Clerk is further directed to CLOSE this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on June 5, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-76.mt enforce arbitration.wpd