**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SHEET METAL WORKERS'**
**INTERNATIONAL ASSOCIATION,**
**LOCAL 15, AFL-CIO,**

    **Plaintiff,**

v.                                                             **Case No. 8:06-cv-76-T-30TBM**

**LAW FABRICATION, LLC,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Application for Attorney's Fees [Per Court's June 5 Opinion] (Dkt. #34), and Defendant's Response to Plaintiff's Application for Attorneys' Fees and Proposed Bill of Costs (Dkt. #39). The Court, having considered the motion, response, affidavits, exhibits, and being otherwise advised in the premises, finds that Plaintiff's motion should be granted in part and denied in part as stated herein.

### Background

Defendant, Law Fabrication, LLC ("Law Fabrication"), is a sheet metal fabrication company located in St. Petersburg, Florida. On May 1, 2001, Law Fabrication entered into a collective bargaining agreement ("CBA") with Plaintiff, Local Union #15 of the Sheet Metal Workers' International Association, AFL-CIO ("Local 15"). On March 31, 2005, Law

Fabrication filed a Complaint For Declaratory Judgment and Injunctive Relief seeking a declaratory judgment regarding the termination of the CBA.[1] On June 6, 2005, Local 15 initiated an arbitration action before the NJAB.

On September 15, 2005, the NJAB conducted a hearing and issued its decision in the matter. Although it received notice of the hearing and was afforded the opportunity to appear and testify in the matter, Law Fabrication did not appear before the NJAB. The NJAB's unanimous decision created a new collective bargaining agreement with the effective dates of July 1, 2004 through June 30, 2010.

On October 6, 2005, this Court entered an Order dismissing Law Fabrication's declaratory judgment action in Case No. 05-cv-638-JSM-EAJ based on this Court's finding that it lacked subject matter jurisdiction at that time over Law Fabrication's claims under Section 301.[2] As of October 2005, Law Fabrication had not alleged that there had been a violation of the CBA, rather Law Fabrication was simply requesting the Court to rule on the validity of the CBA.[3]

On December 13, 2005, Law Fabrication filed a state-court action seeking to vacate the arbitration award in case styled *Law Fabrication LLC v. Local 15 of the Sheet Metal Workers' International Association*, Case No. 05-11023, Div. A, Thirteenth Judicial Circuit

---

[1] See Case No. 8:05-cv-638-JSM-EAJ.

[2] See Case No. 8:05-cv-638-JSM-EAJ, Dkt. #51.

[3] The Court also found that it lacked subject matter jurisdiction over Law Fabrication's claim pursuant to 29 U.S.C. §§ 1132(a) and (e).

Court, Hillsborough County (the "State Court Proceedings"). However, Local 15 was not served until March 22, 2006. On April 4, 2006, Local 15 removed the State Court Proceedings to this Court, currently pending as Case No. 8:06-cv-565-JSM-TGW.

On January 12, 2006, Local 15 filed this action to enforce the NJAB arbitration award against Law Fabrication. On April 10, 2006, Local 15 filed a Motion to Enforce the Arbitration Award against Law Fabrication. On June 5, 2006, this Court granted Local 15's Motion to Enforce the Arbitration Agreement against Law Fabrication and found that attorney's fees and costs should be awarded to Local 15 pursuant to Article 10, Section 6 of the Standard Form of Union Agreement. On June 6, 2006 Judgment was entered in favor of Local 15 and against Law Fabrication in Case No. 8:06-cv-76-JSM-TBM.

### Attorney's Fees

Plaintiff requests an award of attorney's fees in the amount of $39,990.00 and costs in the amount of $665.91 for a total award of $40,655.91. According to the records offered by Plaintiff, Plaintiff's attorneys worked a total of 133.5 hours. While Plaintiff's attorneys admit that they did not charge Plaintiff at a rate greater than $205 per hour, Plaintiff's attorneys are requesting this Court to approve an award at the rate of $300 per hour. Defendant argues that the agreed upon billing rate is a strong indication of a reasonable rate. Defendant's argument is well taken.

Based on the agreed upon rate between Plaintiff and its attorneys as well as the prevailing market rates in the Tampa area, the Court finds that a rate of $300 per hour would

be unreasonable. Rather, the Court will allow an award equal to the actual hourly rate agreed upon by the Plaintiff and its attorneys.

Plaintiff also seeks an award for efforts spent responding to Law Fabrication's State Court Proceedings. Plaintiff initiated these proceedings on January 12, 2006. While Law Fabrication did not serve Local 15 with the State Court Proceedings until March 22, 2006. On April 4, 2006, Local 15 removed the State Court Proceedings to this Court, currently pending as Case No. 8:06-cv-565-JSM-TGW. The Court finds that the delayed service by Law Fabrication of the State Court Proceedings two months after Local 15 filed these proceedings was frivolous and an obvious attempt to circumnavigate the issues already pending in these proceedings. Since the issue presented in Case No. 8:06-cv-565-JSM-TGW is essentially the same as the issue already decided by this Court - whether the Arbitration Agreement should be enforced, the Court finds that the award of attorney's fees and costs given to Plaintiff should include Plaintiff's attorneys' efforts expended in response to Law Fabrication's "counter-maneuvers" in Case No. 8:06-cv-565-JSM-TGW. Such efforts are contained within Plaintiff's attorneys' billing records submitted herein.[4]

For these reasons, the Court concludes that the following hourly rates are reasonable for this type of litigation:

---

[4] Since the Court is allowing Local 15 to receive an award of attorney's fees and costs in this case for efforts expended in Case No. 8:06-cv-565-JSM-TGW, Plaintiff will be unable to receive duplicate attorney's fees in connection with Case No. 8:06-cv-565-JSM-TGW. The Court can not allow Plaintiff to receive a double recovery for the same efforts. However, such limitation shall not apply to unlisted or future efforts by Plaintiff's attorneys not contained within the billing records submitted herein.

| Attorney | Hours | Rate | Sub-Total |
|---|---|---|---|
| Arlus J. Stephens | 66.4 | $180/hr | $11,952.00 |
| Michael Anderson | 51.3 | $205/hr | $10,516.50 |
| Joseph Egan | 15.8 | $205/hr | $3,239.00 |

Applying the reduction in rate from $300/hr to $205 and $180/hr, the Court concludes that an attorney fee of $25,707.50 (66.4 hours at $180/hr plus 67.1 hours at $205/hr) is a reasonable and appropriate fee for Plaintiff's counsel.

### Costs

The Court concludes that the amount of costs requested by Plaintiff in the amount of $665.91 is recoverable as costs pursuant to Article X, Section 6 of the Standard From of Union Agreement. See e.g. Roberts v. Charter Nat. Life Co., 112 F.R.D. 411, 413 (S.D. Fla. 1986), citing Wehr v. Burroughs Corporation, 619 F.2d 267 (3d Cir. 1980).

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Application for Attorney's Fees [Per Court's June 5 Opinion] (Dkt. #34) is GRANTED IN PART AND DENIED IN PART as stated herein. Plaintiff is entitled to recover attorney's fees and costs in the total amount of $26,373.41 ($25,707.50 attorney's fees + $665.91 costs).

2. The Clerk is directed to enter a Bill of Costs in favor of Plaintiff, Sheet Metal Workers' International Association Local 15, AFL-CIO, and against Defendant, Law Fabrication, LLC, in the amount of **$26,373.41**.

**DONE** and **ORDERED** in Tampa, Florida on August 17, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-76.atty fees award.wpd